# LAW OFFICES OF JASON J. REBHUN, P.C.

Attorneys-At-Law
40 Wall Street, Suite 1607
New York, NY 10005
(646) 201-9392
Fax (646) 871-0035
Jason@jasonrebhun.com

Jason J. Rebhun, Esq.*
John A. Borelli, Esq.
Andrea Tracy, Esq.
*Admitted in NY & NJ

July 29, 2024

VIA ECF
Honorable Carol Bagley Amon, U.S.D.J.
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Chance Wilson v Consumer Legal Group, P.C. and Phoenix Debt Pros Inc.
             Case No.: 24-cv-2276

Honorable Judge Amon:

      This firm represents Defendant Consumer Legal Group, P.C. ("CLG") herein which submits this letter pursuant to §3 of Your Honor's individual motion practices and rules seeking a pre-motion conference. For the reasons set forth below, CLG is desirous of filing a motion to dismiss Plaintiff's Complaint. Procedurally, on July 18, 2024, the Clerk has noted the default of Defendant Phoenix Debt Pros Inc.

      CLG is entitled to dismissal of this Complaint because Plaintiff failed to state a cause of action against it. This case seeks unspecified damages for Defendants' alleged violation of Section 227(c)(5) the Telephone Consumer Protection Act ("TCPA") resulting from two alleged calls though only one of them is alleged to have a connection to CLG. Complaint, ¶¶10, 23).

      Where a plaintiff asserts a cause of action pursuant to that section, that plaintiff must allege that the defendant: (1) initiated more than one "telephone solicitation call" within a 12-month period; (2) to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC registry; (3) without the prior consent of the recipient. *See* Sterling v. Securus Tech., Inc., No. 18-cv-1310, 2019 WL 3387043, at *5-6 (D. Conn. Jul. 26, 2019) (citing Jennings, 239 F.Supp.3d at 665); 47 U.S.C. § 227(b)(1)(A)-(B), (c)(5); 47 C.F.R. § 64.1200(c)(2). Gillam v. Reliance First Capital, LLC, 21-CV-4774 (JMA) (JMW), 3 (E.D.N.Y. Feb. 22, 2023).

      In the Complaint, Plaintiff claims to have received two calls from two different numbers. Oddly, Plaintiff claims that the first call "came from the illegally and factiously named "National Debt Relief" (¶24) though National Debt Relief is a real, separate, and distinct entity whose website can be found here. There is nothing alleged in that call to connect Plaintiff or the caller to CLG. During that first call, Plaintiff claims to have indicated he was not interested and not to call (*Id.*).

The second call (referenced in ¶25) came again from "National Debt Relief" and the caller identified himself "to be from Defendant Phoenix Debt Pros." Plaintiff does not allege or explain why they claimed the call was from "National Debt Relief" when the caller ("Roy Miller") revealed to be from Phoenix Debt Pros, not from National Debt Relief or from CLG.

The Complaint then alleges that "Roy Miller" emailed Plaintiff and claimed to be "a management company partnered with CLG" (Complaint, ¶26) and that "Phoenix Debt Pros manages the enrollment process and filters the call volume for CLG using their portal." Complaint, ¶27.

Why Plaintiff claims "National Debt Relief" to be illegally and fictitiously named is not addressed in the Complaint. How "National Debt Relief" is related to CLG is also not addressed in the Complaint. Regardless, Plaintiff admits that they have "never been a customer of [CLG] and never consented to receive calls from [CLG]."

Here, giving Plaintiff the wide deference that all facts in the Complaint are deemed true for the purposes of this motion, Plaintiff only claims that the second call, attenuated at best, had anything to do with CLG, though that claim is also suspect because the caller apparently identified themselves to be from "Defendant Phoenix Debt Pros." Plaintiff admits that the first call was from "National Debt Relief" despite incorrectly being described as "illegal" and "fictitious." Plaintiff has thus failed to allege that CLG initiated more than one "telephone solicitation call" within a 12-month period.

CLG also wishes to advise the Court that the attorney that filed and signed the Complaint, Anthony Paronich, is not admitted to practice law in New York and although he filed his motion to be admitted to practice pro hac vice *after* he filed the Complaint in this Court, the docket does not reflect the Notice of Appearance that the Court ordered him to file on June 4, 2024. Similarly, the attorney that appeared on Plaintiff's behalf at the July 10, 2024 conference, Andrew Perrong, is <u>also</u> not admitted to practice law in New York though this Court *did* grant his motion to be admitted pro hac vice on July 10, 2024. Notably, both Mr. Paronich and Mr. Perrong are serial filers of dozens of TCPA lawsuits across the country, many of which identify Mr. Perrong as a named Plaintiff and as counsel as referenced by the United States District Court for the Eastern District of Pennsylvania: Mr. Perrong "is a frequent filer of Telephone Consumer Protection Act lawsuits." *See, e.g.*, *Perrong v. South Bay Energy Corp*. No. 2:20-cv-05781-JDW, 2021 WL 1387506 (E.D. Pa. April 13, 2021). Despite their history as serial TCPA litigators, Plaintiff has failed to state a claim pursuant to TCPA §227(c) against CLG.

Accordingly, CLG seeks permission to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*Jason J. Rebhun*