

**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com  Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com  Fax (888) 329-0305

August 5, 2024

*VIA ECF*

Chambers of Carol Bagley Amon
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Defendant Consumer Legal Group's Pre-Motion Letter,
*Wilson v. Consumer Legal Group*, No. 24-cv-2276

Dear Judge Amon:

I represent Plaintiff Chance Wilson in the above-captioned matter. We write to address the Defendant's pre-motion letter filed with the Court on July 29, 2024 (ECF No. 19), where Defendant states it intends to move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In sum, Defendant argues that this case should be dismissed because it contends that the Plaintiff has not adequately alleged receipt of more than one call made by or on behalf of the Defendant as the TCPA requires.

As will be described below, the Defendant's argument in this regard is itself internally contradictory. If anything, it demonstrates that the Plaintiff has far exceeded the liberal notice pleading standards contemplated by the Federal Rules and this case must be permitted to proceed.

The Defendant is correct in stating that the TCPA requires receipt of more than one call placed by or on behalf of a telemarketer within a twelve-month period. However, even a cursory review of the Plaintiff's complaint will reveal that he has so pled. (ECF No. 1 ¶ 23-25). Specifically, the Plaintiff has pled that he received two calls from spoofed caller IDs both bearing the 805-area code *on the same day*. (*Id.* ¶ 23). Both calls came from individuals who claimed to be calling from the fictitiously (and illegally) named "National Debt Relief," an alias used by co-Defendant Phoenix Debt Pros, whom Consumer hired to place calls on its behalf. (*Id.* ¶ 24-25, 28-52).

The argument advanced in Defendant's pre-motion letter is meritless because it is internally contradictory. It has not, and cannot, dispute the Plaintiff's investigative efforts during the second call he received, which affirmatively identified both Defendants in the form of an email sent to him confirming that fact. Immediately thereafter, however, the Defendant casts doubt that the first call was placed by or on behalf of the Defendants, despite the fact that the complaint straightforwardly pleads how *both calls* are logically and temporally related, including because both calls, including the one where Defendants were identified, came (1) on the same day, (2) using the same area code, albeit with different spoofed caller IDs in that area code, (3) using the same fictitious name "National Debt Relief."

Defendant also incredulously claims that it has no connection to National Debt Relief, which it contends also happens to be the name of a legitimate company. But the Defendant's attempt to cast doubt on these well-pled allegations rings hollow. The Plaintiff's complaint makes it clear how the two are connected, alleging that "National Debt Relief" is an "illegally and fictitiously named" entity designed to obfuscate the Defendants' identities and avoid ill will for their respective brands. (ECF No. 1 ¶24). The Complaint never denies National Debt Relief's existence as a legitimate entity but questions its *illegal* (and unauthorized) usage in the context of the calls, suggesting a deliberate intent to mislead recipients of the illegal calls from identifying their true source. Defendant's attempt to separate themselves from this practice while acknowledging that they were identified during a call *which started off using the same fake name*, defies logic and common sense.

Other courts have rejected nearly identical tactics. For example, in *Stemke v. Marc Jones Constr., LLC*, No. 5:21-CV-274-30PRL, 2021 WL 4340424, at *2-*3 (M.D. Fla. Sept. 23, 2021), Court stated, "Sunpro's motion to dismiss goes beyond the pleading to challenge the merits of the alleged facts. Indeed, the crux of Sunpro's motion questions Plaintiff's allegations that Sunpro placed the subject calls. . . . Plaintiff alleges several times that she or her attorneys confirmed that Sunpro placed the subject calls. Plaintiff even includes the phone numbers and the dates she received the calls. To the extent Sunpro disputes that it directly placed the calls, Sunpro may take discovery on this matter and argue the issue at the dispositive motion stage." Other Courts agree that allegations far less detailed and containing far less logical and temporal proximity to those here, are sufficient. *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 746 (N.D. Ill. 2014); *Abramson v. Josco Energy USA, LLC*, No. 2:21-cv-1322, 2022 U.S. Dist. LEXIS 237792, at *6 (W.D. Pa. Aug. 1, 2022).

The Defendant's unjustified attempts to further attempt to dismiss this case based upon the Plaintiff's choice of counsel likewise should be rejected offhand as meritless, *ad hominem* attacks beneath the dignity of this Court. It is no secret that counsel for Plaintiff are seasoned TCPA practitioners who both run boutique law firms dedicated to this type of litigation. If anything, this expertise, including extensive experience in the techniques, tactics, and procedures used by illegal

telemarketers to conceal their identity, such as the situation here by using fake names at the outset of illegal calls to hide their identities from casual investigative efforts, shows why counsel are quintessentially adequate representatives for the class alleged herein.

Even so, the Defendant's assertions that counsel for Plaintiff did anything procedurally improper is flatly contradicted by the record. Attorney Anthony Paronich filed this case via ECF, and thereby entered his appearance, on March 28, 2024. (ECF No. 1). He moved for admission *pro hac vice* and paid the requisite fee on April 1, 2024. (ECF No. 7). That motion was granted in a minute entry on June 4, 2024. Similarly, Attorney Andrew Perrong filed his motion to appear *pro hac vice* via ECF on July 8, 2024 and paid the requisite fee, thereby entering his appearance in this matter. (ECF No. 15). That motion was likewise granted in a minute entry on July 10, 2024. Defendant points to no local or federal rule requiring either attorney to (a) file a motion for admission *pro hac vice* prior to filing a complaint or (b) enter an appearance on a case for which that attorney has filed a motion for admission *pro hac vice* (let alone made filings on the case), thereby entering their appearance via ECF and registering as electronic filing users to receive filings.

Plaintiff remains hopeful that this letter, and subsequent conference, will cause the Defendant to reconsider its positions. Should they not, the Plaintiff will respond to any motion in due course.

I remain at your chambers' dispensation in the event that further correspondence or clarification is required.

Respectfully Yours,

Andrew R. Perrong, Esq.