# LAW OFFICES OF JASON J. REBHUN, P.C.

Attorneys-At-Law
40 Wall Street, Suite 1607
New York, NY 10005
(646) 201-9392
Fax (646) 871-0035
Jason@jasonrebhun.com

Jason J. Rebhun, Esq.*
John A. Borelli, Esq.
Andrea Tracy, Esq.
*Admitted in NY & NJ

September 26, 2024

<u>VIA ECF</u>
Honorable Carol Bagley Amon, U.S.D.J.
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Chance Wilson v Consumer Legal Group, P.C. and Phoenix Debt Pros Inc.
      Case No.: 24-cv-2276

Honorable Judge Amon:

  This firm represents Defendant Consumer Legal Group, P.C. ("CLG") herein which submits this letter pursuant to §3 of Your Honor's individual motion practices and rules seeking a pre-motion conference. For the reasons set forth below, CLG is desirous of filing a motion to dismiss for Plaintiff's failure to join a necessary party and to dismiss the class allegations in Plaintiff's Complaint (pursuant to Rule 12(b)(7) and Rule 12(f)). On July 18, 2024, the Clerk has noted the default of Defendant Phoenix Debt Pros Inc. though that was before Plaintiff amended the Complaint.

  Again, Plaintiff's Amended Complaint claims that the calls came from "National Debt Relief" (¶¶27, 30, 31, 37, etc. of the Amended Complaint) which was not named in this action though National Debt Relief is a real, separate, and distinct entity whose website can be found [here](). The Court may recall that in Plaintiff's initial Complaint (¶24), Plaintiff referred to "National Debt Relief" "the illegally and fictitiously named "National Debt Relief." That the second call referenced in the Amended Complaint also purported to be from the unnamed "National Debt Relief" but somehow also from defaulting Defendant Pheonix (¶30 of the Amended Complaint) whose caller "admitted that he was actually calling from Defendant Pheonix … on behalf of Consumer Legal Group, not National Debt Relief …" (¶33 of the Amended Complaint) suggests that Plaintiff should have named it in this case or face dismissal for not having named it.

  Rule 23(c)(1)(A) requires a court to "determine by order whether to certify the action as a class action" at "an early practicable time after a person sues or is sued as a class representative." [Fed. R. Civ. P. 23(c)(1)(A)](). "[P]laintiffs wishing to proceed through a class action must actually *prove* - not simply plead - that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3)." <u>Halliburton Co. v. Erica P. John Fund, Inc.</u>*,* [573 U.S. 258]() (2014). The analysis must be "rigorous," and may "overlap with the merits of the plaintiff's underlying claim." <u>Comcast</u>, [569 U.S. at 33-34]() (2013). Many courts have struck class allegations on TCPA claims as would be shown in a motion.

Case 1:24-cv-02276-CBA-MMH   Document 25   Filed 09/26/24   Page 2 of 2 PageID #: 97

Re: Chance Wilson v. Consumer Legal Group, P.C. and Phoenix Debt Pros, Inc.
Case No.: 24-cv-2276
September 26, 2024
Page 2

More, the proposed class is a "fail safe" class whose definition shields the putative class members from receiving an adverse judgment" and should not be certified. *See, e.g.,* Lawrence v. NYC Med. Practice, P.C., No. 18 Civ. 8649, 2021 WL 2026229, at *6 (S.D.N.Y. May 20, 2021); Bondi v. New Rochelle HotelAssocs., No. 17 Civ. 5681, 2018 WL 7246962, at *I4 (S.D.N.Y. Dec. 7, 2018). "[F]ail-safe classes tend to be defined in terms of a 'legal injury' or 'by reference to a particular statute, regulation, or contract that has been allegedly violated or breached.'" Garcia v. Execu/Search Grp., LLC, No. 17 Civ. 9401, 2019 WL 689084, at *2 (S.D.N.Y Feb. 19, 2019) (quoting Gregory v. Stewart's Shops Corp., No. 14 Civ. 33, 2016 WL 8290648, at *I8 (N.D.N.Y. July 8, 2019)).

The Amended Complaint reflects that Plaintiff's class definition is overbroad and not supported by the factual allegations. As it stands, Plaintiff's overbroad, vague, and poorly defined putative class includes a "fail safe" class which courts have declined to certify. More, Plaintiff's requirement to certify the proposed class in this case must fail because each class member's claim must arise from the same course of events and each class member must make similar legal arguments to prove the defendant's liability.

Here, Plaintiff admits that they engaged the caller on the second call instead of hanging up after indicating they were not interested and not to call, as Plaintiff alleges they did as to the first alleged call (¶27 of the Amended Complaint). Plaintiff admits having a ten-minute conversation on the second call (¶34 of the Amended Complaint) and must have disclosed their email address to receive the emails referenced in ¶¶34-37 of the Amended Complaint. Therefore, Plaintiff cannot meet the "typicality" requirement of Rule 23(a)(3).

Accordingly, for the foregoing reasons, CLG seeks permission to file a motion to dismiss the Amended Complaint.

Respectfully submitted,

*Jason J. Rebhun*