

**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com  Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com  Fax (888) 329-0305

October 3, 2024

*VIA ECF*
Chambers of Carol Bagley Amon
225 Cadman Plaza East
Brooklyn, NY 11201
Re:  Second Pre-Motion Letter, *Wilson v. Consumer Legal Group*, No. 24-cv-2276

Dear Judge Amon:

I represent Plaintiff Chance Wilson in the above-captioned matter. We write to address the Defendant's second pre-motion letter filed with the Court on September 26, 2024 (ECF No. 25), where Defendant raises entirely new arguments for why it contends this case should be dismissed, this time, unlike last, under Rule 12(b)(7) of the Federal Rules of Civil Procedure, as well as to strike the class claims under Rule 12(f).

Although Defendant states that it seeks dismissal of the case under Rule 12(b)(7) for failure to join a necessary party, it fails to develop that argument at all in its letter and does not identify the party the Plaintiff has failed to join, let alone why joinder of this party is infeasible. To the extent that Defendant faults the Plaintiff for failure to sue National Debt Relief, the Plaintiff has no claims against National Debt Relief and this company is not alleged to have done anything wrong. To the contrary, the Amended Complaint makes clear that Defendant Pheonix lied about calling from National Debt Relief to hide the source of the illegal calls, but it also makes clear that National Debt Relief had nothing to do with the calls. Addition of National Debt Relief as a party would be no more appropriate than suing Target for injuries sustained in a Costco parking lot because the Plaintiff was confused as to who owned the property based on the use of the color red. This therefore cannot serve as a legitimate basis for an anticipated motion to dismiss.

Defendant's claims that the class action allegations here should be *struck* at the pleadings stage fare no better. Indeed, to the contrary, in August of this year, Judge Nardacci of the Northern District of New York *certified* a class with a substantially identical definition to that here. There, the Court certified a class of:

>   All persons in the United States whose (1) telephone numbers were on the

> National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

*Aley v. Lightfire Partners, LLC*, No. 5:22-CV-00330 (AMN/TWD), 2024 WL 4007345, at *6 (N.D.N.Y. Aug. 30, 2024).

Here, the Plaintiff pleads a nearly identical class (with differences bolded) of:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants **encouraging the purchase of Consumer's goods or services**, (3) within a 12-month period (4**) at any time in the period that begins** four years **before** the date of filing this Complaint **to trial**.

The class pled here, just as the nearly identical class certified in *Lightfire*, is not a failsafe class, let alone uncertifiable; the very same class definition here *has been certified* by another federal court in New York as recently as two months ago.

Defendant is rather unclear in outlining *why* it believes the proposed class is purportedly failsafe such as to justify striking it at the pleadings stage. Rule 12(f) provides that the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f), (f)(2). Because the standard is high, courts are reluctant to strike class allegations at the pleadings stage, with only a handful of cases addressing the 12(f) device in the context of striking class allegations. *See, e.g.*, *Fishon v. Mars Petcare US, Inc.*, 501 F. Supp. 3d 555, 575–76 (M.D. Tenn. 2020) (collecting cases for the proposition that class claims should be struck only when "no set of circumstances" put forth at the pleadings stage would permit a class to be certified).

As best the Plaintiff can ascertain, the Defendant contends the class here is failsafe because it references membership on the National Do Not Call Registry. But other courts are in unanimous agreement that the class pled here is not failsafe on this very basis. *See, e.g.*, *Watson v. Manhattan Luxury Automobiles, Inc.*, No. 20 CIV. 4572 (LGS), 2022 WL 4586407, at *9–10 (S.D.N.Y. Sept. 29, 2022) (certifying class of individuals on the Do Not Call Registry and holding that the class was not failsafe); *Lightfire*, 2024 WL 4007345, at *6 (certifying nearly identical class); *Alpha Tech Pet, Inc. v. Lagasse, LLC*, 205 F. Supp. 3d 970, 978 (N.D. Ill. 2016) (holding that class definition that defined class of individuals who were sent specific advertising language, similar as to here, was appropriate); *Advanced Dermatology v. Fieldwork, Inc.*, 550 F. Supp. 3d 555, 568 (N.D. Ill. 2021) (refusing to strike nearly identical class); *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 294 (N.D. Ill. 2014) (holding that TCPA class definition was not a failsafe class).

Typicality issues also do not pervade the putative class. *Blow v. Bijora, Inc.*, 855 F.3d 793, 803–804, 806–807 (7th Cir. 2017) (holding that factual circumstances of the calls did not preclude uniform evaluation of facts, thus demonstrating typicality). That the Plaintiff may have said things different than other class members on the calls he received does not change the fact that the law was broken at the very moment the call was placed, not because of anything the Plaintiff said or did on the call. 47 C.F.R. § 64.1200(c)(2) (prohibiting "*initiat[ing]* any telephone solicitation to . . . a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry," regardless of what that subscriber said or did on the call). Any issues with the Plaintiff's purported conduct here do not render him atypical because those allegations are irrelevant to determining if the Plaintiff and all class members have stated a claim under the TCPA's plain, strict liability language. The TCPA contains no "hang up or indicate disinterest on an unwanted call" requirement as the Defendant claims.

Other courts have held that a class is typical when the Plaintiff, as here, has pled a uniform violation of the law suffered by all class members. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015) ("The class definition in this case complies with this settled law and avoids all of these problems. It is not vague. It identifies a particular group of individuals . . . harmed in a particular way."); *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 972 (N.D. Cal. 2019); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012); *Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 504 (S.D.N.Y. 2014).

Even so, if this Court were to somehow conclude that the class definition was deficient in some respect, the appropriate remedy lies in refining the class definition at the certification stage, not in striking the class claims entirely. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015); *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (altering class definition in TCPA case); *Klassen v. Solid Quote LLC*, No. 23-CV-00318-GPG-NRN, 2023 WL 7544185, at *4 (D. Colo. Nov. 14, 2023) (refusing to strike class allegations and instead reformulating class definition).

Plaintiff remains hopeful that this letter, and subsequent conference, will cause the Defendant to reconsider its positions. Should they not, the Plaintiff will respond to any motion in due course. I remain at your chambers' dispensation in the event that further correspondence or clarification is required.

                                              Respectfully Yours,

                                              Andrew R. Perrong, Esq.