The Law Offices of Jason J. Rebhun, P.C.
*Attorneys for Defendant Consumer Legal Group, P.C.*
40 Wall Street, Suite 1607
New York, NY 10005
(646) 201-9392
F: (646) 871-0035
Jason@jasonrebhun.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------------X<br>CHANCE WILSON, individually and on behalf of others similarly situated,<br><br>                              Plaintiff,<br>     -against-<br><br>CONSUMER LEGAL GROUP, P.C. and PHOENIX DEBT PROS., INC.,<br>                              Defendants.<br>------------------------------------------------------------X | Case 2:24-cv-2276-CBA-MMH<br><br>**ANSWER** |

Defendant CONSUMER LEGAL GROUP, P.C. ("CLG"), by and through its counsel, The Law Offices of Jason J. Rebhun, P.C., in Answer to the Complaint filed by Plaintiff, responds as follows in numerical sequence to the Plaintiff's allegations:

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph(s) 1-2, 4, 6, 15-20, 22-39, 45, 47, 53-55, 57-59, 65-70 of the Amended Complaint.

2. Denies each and every allegation set forth in paragraph(s) 3, 46, 48, 49-52, 56, 60-63, 71 of the Amended Complaint.

3. Denies the allegations set forth in paragraph(s) 5 of the Amended Complaint but admits that CLG is a New York corporation.

4. To the extent a response is required, denies in the form alleged all allegations contained in paragraph(s) 7-14, 40-44, 64 of the Amended Complaint and refers all questions of law to the Court.

5. Denies the allegations set forth in paragraph(s) 21 of the Amended Complaint but admits that Plaintiff has never been a customer of CLG.

### ANSWERING THE CLASS ACTION ALLEGATIONS:

6. In response to paragraph 72, CLG repeats and realleges each and every response to paragraph(s) 1 through 71 of the Amended Complaint, as if fully set forth herein.

7. To the extent a response is required, denies in the form alleged all allegations contained in paragraph(s) 73-79 of the Amended Complaint and refers all questions of law to the Court.

### ANSWERING COUNT I:

8. In response to paragraph 80, CLG repeats and realleges each and every response to paragraph(s) 1 through 79 of the Amended Complaint, as if fully set forth herein.

9. To the extent a response is required, denies in the form alleged all allegations contained in paragraph(s) 81 of the Amended Complaint and refers all questions of law to the Court.

10. Denies each and every allegation set forth in paragraph(s) 82-85 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

1. The allegations set forth in Plaintiff's cause(s) of action fail to state a basis for which relief may be granted.

2. Plaintiff has failed to mitigate damages and CLG will seek a reduction of any damages by the amount of damages Plaintiff could have mitigated.

2

3. Plaintiff's Complaint fails to join necessary parties.

4. If the injuries and damages were sustained by the Plaintiff at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to intervening, superceding causes to which the CLG had no control.

5. Plaintiff does not have privity with CLG.

6. The acts and/or omissions of CLG as alleged in the complaint were not the proximate cause of Plaintiff's damages/injuries.

7. Plaintiff's actions are barred by the doctrines of waiver, estoppel, laches and/or ratification.

8. Plaintiff lacks standing to bring this action.

9. CLG respectfully alleges that the complaint is defective in that it was not verified by the attorney or the plaintiff.

10. CLG did not violate the TCPA and Plaintiff fails to sufficiently allege a claim under any theory of vicarious liability.

11. CLG did not willfully or knowingly contact Plaintiff on any phone number at issue without prior express consent. To the extent that there was any violation of the TCPA, which United denies, CLG shall be liable for no more than a $500.00 penalty, as CLG denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

12. To the extent there was any violation of the TCPA, which CLG denies, CLG shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

13. CLG believes that Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each individual call for which Plaintiff claims a violation.

14. CLG's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

15. The allegations of the Amended Complaint, and each purported cause of action alleged in the Amended Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

16. CLG acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

17. CLG's actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA which CLG denies, such violation(s) were not knowing and willful.

18. Plaintiff consented to the complained of calls/communication which bars Plaintiff's claims.

19. At all times, CLG acted in good faith and has reasonable grounds for believing that their actions were in compliance with the TCPA.

20. Without assuming the burden of proof, Plaintiff and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

21. Plaintiff has failed to exhaust administrative remedies.

22. All actions, if any, taken by CLG with respect to Plaintiff were supported by legitimate business reasons.

23. The putative class asserted in the Complaint is inappropriate for class certification because there is no ascertainable class.

24. The putative class asserted in the Complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable, as required by Fed.R.Civ.P. 23(a)(1).

25. The putative class asserted in the Complaint is inappropriate for class certification because there are no questions of law or fact common to the class, as required by Fed.R.Civ.P. 23(a)(2).

26. The putative class asserted in the Complaint is inappropriate for class certification because Plaintiff's claim is not typical of the claims of other members of the asserted putative class, as required by Fed.R.Civ.P. 23(a)(3).

27. The putative class asserted in the Complaint is inappropriate for class certification because Plaintiff is not able to fairly and adequately protect the interests of all members of the alleged putative class as required by Fed.R.Civ.P. 23(a)(4).

28. The putative class asserted in the Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues, as required by Fed.R.Civ.P. 23(b)(3).

29. The putative class asserted in the Complaint is inappropriate for class certification because a class action is not superior to other methods for fairly and efficiently adjudicating this controversy as required by Fed.R.Civ.P. 23(b)(3).

CLG is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, CLG reserves the right to assert additional defenses in the event discovery indicates that the same would be

appropriate. CLG separately reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS A CROSS-CLAIM AGAINST CO-DEFENDANT(S) PHOENIX DEBT PROS, INC., THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF

That if Plaintiff was caused to sustain damages at the time and place set forth in the Complaint through any negligence other than Plaintiff(s) own, said damages arose in whole or in part from the actions, negligence, errors, omissions, commissions, culpable conduct/liability/negligence/ breach of contract of co-defendant(s) Phoenix Debt Pros, Inc., and if any judgment is recovered herein by Plaintiff against the answering Defendant, they will be damaged thereby and the answering Defendant will be entitled to proportionate indemnity on the basis of proportionate responsibility from the co-Defendants named above.

In the event this answering defendant is held vicariously liable to Plaintiff as a result of primary and active negligence on the part of Co-Defendant will be damaged thereby and shall be entitled to contractual and/or common law indemnification plus costs and disbursements.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant CLG prays for judgment in its favor as follows:

Dismissal of the Amended Complaint with prejudice, judgment on its cross-claims against co-defendant Phoenix Debt Pros, Inc. and for such other relief as the Court may deem equitable and just.

Dated: November 18, 2024
      New York, NY

      Yours, etc.

      *Jason J. Rebhun*

LAW OFFICES OF JASON J. REBHUN, P.C.
*Attorneys for Defendant Consumer Legal Group, P.C.*
40 Wall Street, Suite 1607
New York, NY 10005
(646) 201-9392
F: (646) 871-0035
Jason@jasonrebhun.com